Johnson, J.
The only question of law involved in the grounds of this motion, is, whether the special warranty of the plaintiff that the negro was sound and healthy to the best of his knowledge, excludes the general implied warranty of soundness, arising from the price paid. The general rule very clearly is, that when a contract is, reduced to writing, parol is inadmissible to shew that any thing else was intended than what is expressed; yet in the case of Wells v. Spears (1 M’Cord, 421) it was held that a bill of sale warranting the property in a negro, did not exclude, the implied warranty of soundness. This case is however distinguishable from that. There, the soundness of the negro did not enter into the written contract at all, and there was at least some plausibility in the argument, that the written contract was not intended to apply to it. But here the soundness of the negro is the subject of express warranty; it shews that that was -the subject of the contract, and the *384 plaintiff's liability cannot be extended beyond it, ei~ ther by parol or iegal implication.
Williams, for the motion.
The other questions relate to matters of fact, and however doubtful we may be as to the correctnes of the conclusions drawn by the jury, we must regard them as conclusive.
Motion dismissed.
O’Neall & Harper, Js. concurred.